### No. 3111

### First Circuit

---

## BEASLEY v. LEESVILLE MOTOR COMPANY, INC.

### Opposition of McClarren Rubber Co.

. — .

(December 22, 1925, Rehearing Refused)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Receivers—Par. 33.**

Where a receiver had certain property sold with the other property but under a separate ·appraisement ·because of a judgment previously having been obtained the property which ·was sold subject to this judgment should contribute pro rata with the balance of the property sold in proportion of the price received, to the total cost of advertising, commission of auctioneer and other expenses but no other cost should be charged against it. ·

Appeal from the Eleventh Judicial District, Parish of Vernon, Hon. Hal A. Burgess, Judge.

Action by O. S. Beasley· against Leesville Motor Company, Inc., opposition of McClarren Rubber Company. There was judgment for opponent and receiver appealed.

Judgment amended and affirmed.

C. E. Hardin, of Leesville, attorney for opponent, appellee.

S. I. Foster, of Leesville, attorney for receiver, appellant.

ELLIOTT, J. ·McClarren Rubber Company obtained judgment against O. S. Beasley, receiver of Leesville Motor Company, Inc., on an account for $1,183.78 with interest, recognizing their privilege on certain automobile casings and tubes described in their petition for the unpaid purchase price of same.

The receiver appealed, but the judgment was affirmed.

The receiver then caused the casings and inner tubes to be sold under a separate appraisement and the same brought $250.00 at the sale. The receiver then filed an account and proposes to apply this $250.00 with other sums to the payment of various

claims, legal charges, costs and expenses, leaving nothing for opponent.

McClarren Rubber Company opposed the account, setting up their judgment and privilege recognized by the court and prayed that the $250.00 be ordered paid to them by preference and priority over all other charges, claims and expenses. The district judge recognized their claim in this regard; except that he held that the $250.00 was subject to the commission of the receiver and the cost of the sale in which the casings and tubes, with other property had been sold. The receiver again appealed, but has not made any appearance in this court. McClarren Rubber Company appeared and in answer to the appeal prays to be relieved from contributing to any cost, charge or expense citing Act 198 of 1914 and International Harvester Co. of America vs. Union Irr. Co., 150 La. 423, 90 South. 71, and some other cases.

The record shows that McClarren Rubber Company did not participate in the receivership, but they did not have the sale of the casings and inner tubes dissolved for non-payment of the price; so the receiver had same sold, with the other property but under a separate appraisement, etc., and the sum of $250.00 was the price received in the sale.

It therefore appears reasonable and fair that the $250.00 should contribute pro rata with the balance of the property sold and in proportion to the price received, to the total cost of advertising the property for sale and to the total commission of the sheriff, ex-officio auctioneer, for selling same.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to make McClarren Rubber Company contribute pro rata out of the $250.00 with the other property sold at the same time; to the total cost of advertising the property for sale and to the total commission of the sheriff, ex-officio auctioneer, for selling same; but to no other charge, claim or expense mentioned on the account.

As thus amended the judgment appealed from is affirmed. The receiver to pay the cost of the appeal.